AUDREY LUND, ALSO KNOWN AS MRS. RICHARD LUND v. ARTHUR C. MacARTHUR, NADINE K. MacARTHUR AND FREDA M. MacARTHUR.

No. 4863.

DECEMBER 11, 1969.

RICHARDSON, C.J., MARUMOTO, ABE, KOBAYASHI, JJ., AND CIRCUIT JUDGE WONG IN PLACE OF LEVINSON, J., DISQUALIFIED.

OPINION OF THE COURT BY KOBAYASHI, J.

Mrs. Audrey Lund (plaintiff-appellee) was the landlord of an unfurnished house leased to the MacArthurs (defendants-apellants) on December 13, 1965, for a period of one year. Tenants inspected the premises before leasing. On May 14, 1966, tenants informed landlord of their intention to vacate the premises for reasons of health. Landlord refused to allow tenants to cancel their obligations under the lease. Tenants then requested an inspection by the Building Department of the City and County of Honolulu. On May 25, 1966, the Building Department gave to Mrs. Lund a "Notice to Correct" itemizing deficiencies in the electrical wiring of the house:

THE FOLLOWING ITEMS DO NOT COMPLY WITH THE (BUILDING—ELECTRICAL—PLUMBING) CODE AND REQUIRE CORRECTION:
1. B.X. and Romex cable extensions are tapped

from existing knob and tube circuits without junction box in basement and garage area. N.E.C. Article 300-15.

2. Exposed live parts of fuse cutouts are in reach of persons standing on the ground and does not comply with Article 110-16.

3. Wire extensions encased in conduit are supported only by tapped joints at existing circuit to violate Article 320-5.

4. Circuit conductors are pulled tight at turns around floor joists resulting in conductor contact with wood surface. See Article 324-6.

CORRECTION OF THE DEFICIENCIES NOTED ABOVE IS NECESSARY WITHIN TEN (10) DAYS. IT IS FURTHER NECESSARY THAT YOU RETURN THIS NOTICE WITH YOUR SIGNATURE BELOW INDICATING COMPLETION.

Tenants vacated on June 18, 1966, paying rent through July 15, 1966. Landlord corrected the deficiencies after tenants vacated. Landlord sold the house to a third party on August 15. At trial landlord sought damages including the amount of rent ($225) from July 15 to August 15, 1966, during which time the house was vacant and unrented.

Tenants argued below that the violation of the Building Code constituted a breach of an implied warranty of habitability. The trial court made no findings of fact as to the nature of the wiring defects in the house, holding:

. . . .

3. Unlike the case of furnished premises, there is no implied warranty of habitability in the lease or

rental of unfurnished premises, especially where opportunity for inspection was afforded and undertaken by defendants, and accordingly, plaintiff did not breach any such warranty by renting such premises in a condition which subsequently is found to have been in violation of the Building Code of the City and County of Honolulu.

. . . .

7. Defendants are not entitled to damages or other recovery by reason of any breach by plaintiff of an implied warranty of habitability, and defendants shall take nothing by their counterclaim except as hereinabove provided.

. . . .

9. Plaintiff being the prevailing party, she is entitled as a matter of right to recover her costs in the amount of $40.00 and attorney's fees in the amount of $84.16.

Tenants argue:

Defendants-appellants contend that they are entitled to recover damages for plaintiff's breach of warranty, measured by the difference between the rents paid for the thing warranted (*i.e.,* a dwelling which complied with the Building Code and was safe to occupy), and the fair rental value during defendants' occupancy of what defendants actually received as a result of plaintiff's breach of warranty (*i.e.,* a dwelling which violated the Building Code and hence by legal definition was unsafe to occupy).

In *Lemle* v. *Breeden,* 51 Haw. 426, 462 P.2d 470 (1969), we decided that there was an implied warranty of habitability in a lease of a dwelling. Today we hold that an implied warranty of habitability exists in unfurnished as well as furnished dwellings. The common

law distinction on this ground is not in accord with the current realities of life in Hawaii. *See Lemle, supra,* pp. 432-434. Therefore we reverse and remand for reconsideration in light of *Lemle.*

On remand the trial court will have to determine whether or not the electrical deficiencies which apparently were in violation of the Building Code constituted a breach of an implied warranty of habitability.

If the court finds that there has been a breach, then it will also have to determine whether the breach was material. *See Lemle, supra,* Part B "Choice of Remedies", pp. 434-436. The seriousness of the defects and the length of time during which they persist are both relevant factors to be considered in determining materiality. In the present case wiring defects were brought to landlord's attention on May 25 and had not been repaired when tenants vacated on June 18, a period of at least 24 days. An inquiry into the nature of the defects would seem essential in determining materiality. For example, a wiring defect may pose an immediate fire hazard such that a tenant cannot reasonably be expected to sleep on the premises. On the other hand, a wiring defect may be in a single non-essential circuit which can be turned off at a circuit box until repaired at some later time.

On remand the trial court will of course reconsider the award of costs and attorney's fees in light of its redetermination of the merits as outlined above. In this posture of the case, it would be inappropriate to review paragraph 9 of the trial court's conclusions of law.

*Tobias C. Tolzmann* for defendants-appellants.
*Edward Berman* for plaintiff-appellee.